# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

ROBERT DIXON,

   Plaintiff,

v.

THE RECORD INC.,
d/b/a FLORIDA RECORD,

   Defendants.

Civil Action No. 1:21-cv-20940

## NOTICE OF REMOVAL OF CIVIL ACTION

The Madison County Record, Inc. (the "Madison County Record"), incorrectly sued here as The Record Inc.,[1] files this Notice of Removal to remove this action to the United States District Court for the Southern District of Florida, Miami Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, the Madison County Record states as follows:

### THE STATE COURT ACTION

1. On December 23, 2020, Plaintiff Robert Dixon filed a complaint (the "Complaint") in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida against the Madison County Record.

2. On January 26, 2021, counsel for the Madison County Record agreed to accept service of the Complaint on behalf of the Madison County Record. Copies of "all process,

---

[1] As set forth in the accompanying Declaration of Jay Brown ("J. Brown Decl."), the business name of the publisher of the *Florida Record* is The Madison County Record, Inc., not The Record Inc. *See* J. Brown Decl. ¶ 3.

pleadings, and orders served upon" the Record are attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

3. According to his Complaint, Dixon is an attorney who owns and operates his own law firm: the Law Offices of Robert Dixon. Compl. ¶ 2. The website for Dixon's firm states that it has four offices throughout South Florida, and is a member of the "Million Dollars Advocates Forum." *See* https://www.flaccidentattorney.com/ (last visited March 9, 2021).

4. Defendant the Madison County Record publishes multiple publications throughout the country that cover civil litigation matters, including one publication, the *Florida Record*, which focuses on civil litigation in Florida. Compl. ¶ 3.

5. In his Complaint, Dixon asserts a single count of "Libel Per Se" based on an article (the "Article") published in the *Florida Record* on December 27, 2018 entitled "Miami attorney reprimanded following failure to comply with suspension requirements." Compl. ¶¶ 1, 8; *id.* Ex. 2 (copy of Article).

6. The Article reported on a November 1, 2018 Order from the Florida Supreme Court that found Dixon "in contempt for failure to comply with a prior court order" in accordance with the Court's deadline. Compl. Ex. 2. The Article further explained that the prior Florida Supreme Court Order had suspended "Dixon for 90 days" based on a "consent judgment," in which Dixon admitted both to "failures to maintain his trust account and maintain and produce trust records," and to "allow[ing] or caus[ing] a client's signature and/or name to be affixed to a settlement check and deposit[ing] the check into his trust account without first having the client endorse the check." *Id.*

7. In the Complaint, Dixon alleges that the first sentence of the Article, which states that he was "disbarred," is "false and defamatory" because he "was not disbarred." Compl. ¶ 8.

2

8. The Complaint asserts that the "the article is libel per se because it is an online publication of a false statement to the world that tends to injure Dixon's business, trade or profession." Compl. ¶ 9.

9. Dixon is seeking both compensatory and "punitive damages." Compl. WHEREFORE Cl.

10. The Madison County Record has not served an answer or otherwise responded to Dixon's complaint in the State Court Action.

## THE CITIZENSHIP OF THE PARTIES

11. Dixon is a citizen of Florida. Compl. ¶ 2.

12. Though Dixon incorrectly sued the Madison County Record as "The Record Inc.," he is correct that the defendant is an "Illinois company." Compl. ¶2. Specifically, the Madison County Record, Inc. is a corporation registered in Illinois, as set forth in **Exhibit 1** to the Declaration of Jay Brown, which is a true and correct copy of the Corporation File Detail Report for The Madison County Record, Inc., which is made available on the website for the Illinois Secretary of State.

13. In addition, the Madison County Record's principal place of business is Washington, DC, where it has its headquarters. J. Brown Decl. ¶ 5; *see also Wylie v. Red Bull N. Am., Inc.*, 627 F. App'x 755, 757-58 (11th Cir. 2015) (a corporation's "principal place of business" is its "nerve center," which "is generally the place where the corporation maintains its headquarters" (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)).

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

14.     "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1).

15.     As discussed below, because Dixon and the Madison County Record are citizens of different states and because the amount in controversy requirement is satisfied, removal of this case pursuant to 28 U.S.C. § 1441(a) is appropriate based on diversity of citizenship under 28 U.S.C. § 1332.

**A.     Complete Diversity of Citizenship Exists between the Parties.**

16.     A corporation is a citizen of the state in which it is incorporated and of the state in which it has its principal place of business. *Id.* § 1332(c)(1). As indicated above, the Madison County Record is incorporated in Illinois and has its principal place of business in Washington, D.C.

17.     Because Dixon is a citizen of Florida, there is complete diversity of citizenship between the parties to the State Court Action.

**B.     The Amount in Controversy Requirement Is Satisfied.**

18.     The Complaint does not specify the amount in controversy, stating only that the amount "exceeds $30,000," Compl. ¶ 4, which is the jurisdictional threshold for the Florida Circuit Courts.

19.     Under 28 U.S.C. § 1446(b)(3), where, as here, "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or

*other paper* from which it may first be ascertained that the case is one which is or has become removable" (emphasis added).

20.     It is well established that "a settlement letter can be sufficient to constitute an 'other paper' which makes a case removable where the settlement request demands an amount over the jurisdictional minimum." *Pessoa v. Allstate Ins. Co.*, 2012 U.S. Dist. LEXIS 196997, at *3 (S.D. Fla. Oct. 10, 2012) (quoting *Dozier v. Kentucky Fin. Co.*, 319 F. Supp. 2d 716, 718 (S.D. Miss. 2003)); *see also Trans Marine Tampa, LLC v. Marine Sys., Inc.*, 2011 U.S. Dist. LEXIS 48220, at *3 (M.D. Fla. May 5, 2011) ("A settlement demand letter received after filing of the initial pleading constitutes an 'other paper' and triggers the thirty-day removal period.").

21.     On February 8, 2021, Dixon presented a settlement demand of $950,000 to the Madison County Record.  In the email conveying the demand, counsel for Dixon wrote: "[B]ased upon the attached jury verdicts against media companies for claims such as this which range between $650k-$7million (and note that 2 of the cases pertain to attorneys who were the plaintiffs and 1 of those 2 pertain to a bar discipline situation), my client's demand to settle this case is $950k." The email included as attachments reports of seven different libel verdicts against media companies from cases that (according to Dixon) involved similar claims of damages as he is asserting in this lawsuit.  A true and correct copy of the email in which Dixon's counsel conveyed that demand is attached hereto as **Exhibit B**.

22.     Dixon's $950,000 demand indicates, at a minimum, that he is asserting that the Article's allegedly false statement about his having been disbarred bar caused financial injury to Dixon's law practice in an amount in excess of $75,000.  That is sufficient to establish that the amount in controversy exceeds the $75,000 jurisdictional threshold.  *See, e.g.*, *Intihar v. Citizens Info. Assocs., LLC*, 2014 U.S. Dist. LEXIS 1945, at *3 (M.D. Fla. Jan. 8, 2014) ($200,000

demand by plaintiff's counsel in defamation lawsuit was enough to establish that amount in controversy exceeded $75,000, especially in light of plaintiff's contention that allegedly defamatory statements harmed "his business reputation and opportunities"); *see also 4649 NW 36 St., LLC v. Scottsdale Ins. Co.*, 2021 U.S. Dist. LEXIS 34209, at *2 (S.D. Fla. Feb. 21, 2021) (receipt of $450,000 settlement offer from plaintiff started removal clock); *Viamontes v. Scottsdale Ins. Co.*, 2020 U.S. Dist. LEXIS 186520, at *1 (S.D. Fla. Oct. 8, 2020) (removal was timely when where Notice of Removal "was filed within 30 days of the Plaintiff's June 11, 2020 settlement demand, which established that the amount in controversy satisfied the Court's jurisdictional threshold"); *De La Croix v. Fed. Ins. Co.*, 2018 U.S. Dist. LEXIS 126124, at *2-3 (S.D. Fla. July 26, 2018) (notice of removal was untimely because defendant failed to file it within 30 days of receiving $175,000 settlement offer); *Mikesell v. FIA Card Servs. N.A.*, 936 F. Supp. 2d 1327, 1331 (M.D. Fla. 2013) ($250,000 "settlement demand [wa]s sufficient to establish amount on controversy as of the time of removal"); *Pessoa*, 2012 U.S. Dist. LEXIS 196997, at *2 (plaintiff's $100,000 demand rendered case removable); *Trans Marine*, 2011 U.S. Dist. LEXIS 48220, at *2-3 (removal within 30 days of receipt of $900,000 settlement demand was proper); *Fischer v. State Farm Mut. Auto Ins. Co.*, 2011 U.S. Dist. LEXIS 18210, at *4 (S.D. Fla. Feb. 14, 2011) (plaintiff's $100,000 demand provided basis for removal because "[e]vidence of a settlement demand in excess of $75,000 constitutes evidence that the jurisdictional requirement has been met"); *Lazo v. U.S. Airways, Inc.*, 2008 U.S. Dist. LEXIS 66814, at *11-12 (S.D. Fla. Aug. 21, 2008) (affidavit recounting conversation with plaintiff's counsel in which it was communicated "that the current settlement demand will be at least $1,000,000" established that amount in controversy requirement was met); *Vigoa v. Bank of Am., N.A.*, 2008 U.S. Dist. LEXIS 128689, at *4-5 (S.D. Fla. Mar. 10, 2008) ($800,000 settlement offer, even if "inflated,"

provided basis for removal in light of the nature of claim at issue); *Troiano v. Wal-Mart Stores*, 2007 U.S. Dist. LEXIS 110846, at *2, 4-5 (M.D. Fla. Oct. 18, 2007) (plaintiff's $95,000 settlement offer rendered case removable).

23. For the avoidance of doubt, the Madison County Record states that it disputes whether Dixon will ultimately be able to *prove* any injuries specifically traceable to the portion of the Article Dixon contends is false. Nonetheless, it understands, based on Dixon's settlement demand, that he has placed an amount greater than $75,000 in controversy, which is sufficient for these purposes. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." (quoting *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009))).

24. Based on the foregoing, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

25. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Notice of Removal is being filed in the United States District Court for the Southern District of Florida, Miami Division, which is the federal district court embracing the court where the State Court Action was filed.

26. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) because it is being filed within 30 days of February 8, 2021, which is the date on which Dixon conveyed his initial settlement demand of $950,000. *See, e.g.*, *4649 NW 36 St.*, 2021 U.S. Dist. LEXIS 34209, at *2 (notice of removal was timely because it was filed within 30 days of settlement demand

establishing that amount of controversy exceeded $75,000); *Mikesell*, 936 F. Supp. 2d at 1331 (same); *Trans Marine*, 2011 U.S. Dist. LEXIS 48220, at *2 (same).

27. As noted above, copies of "all process, pleadings, and orders served upon" the Madison County Record in the State Court Action are attached to this Notice of Removal as **Exhibit A**. 28 U.S.C. § 1446(a).

28. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal with its attachments will be promptly served on Dixon, through his counsel, and notice thereof will be filed with the Clerk of the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.

29. The Madison County Record expressly reserves the right to raise all defenses and objections to Dixon's claim after the State Court Action is removed to this Court, including but not limited to defenses based on failure to state a claim upon which relief may be granted.

**WHEREFORE**, the Madison County Record hereby removes the State Court Action to the United States District Court for the Southern District of Florida, Miami Division.

Dated: March 10, 2021                     Respectfully submitted,

                                                        BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (Fla. Bar No. 816345)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com

Paul J. Safier (*pro hac vice* forthcoming)
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Email: safierp@ballardspahr.com

*Counsel for Defendant The Madison County Record, Inc.*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of March, 2021, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using CM/ECF. I also caused a true and correct copy to be served on counsel for plaintiff via email.

*/s/ Charles D. Tobin*
Charles D. Tobin (Fla. Bar No. 816345)