UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20940-Civ-COOKE/O'SULLIVAN

ROBERT DIXON,

    Plaintiff,

vs.

THE RECORD INC.
agent of
FLORIDA RECORD,

    Defendant.
_____/

### MOTION TO DISMISS OF DEFENDANT
### FOR FAILURE TO STATE A CLAIM
### AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, Defendant The Madison County Record, Inc. (the "Madison County Record"), incorrectly sued here as The Record Inc.,[1] hereby respectfully moves this Court for an order dismissing the Complaint of Plaintiff Robert Dixon, or, in the alternative, dismissing Dixon's claim for punitive damages. In support of this motion, the Madison County Record states as follows:

### PRELIMINARY STATEMENT

Plaintiff Robert Dixon is an attorney, who operates his own law firm, the Law Offices of Robert Dixon. In this lawsuit, he is asserting a single count for "Libel Per Se" against the Madison County Record based on an article, published on the internet, about various disciplinary proceedings against him that led the Florida Supreme Court to suspend his license to practice law and then hold him in contempt for failure to comply with the conditions of the suspension order. The article included hyperlinks to all of the relevant legal filings, as well as to Dixon's profile on the Florida bar website, which provided readers

---

[1] The business name of the publisher of the *Florida Record* is The Madison County Record, Inc., not The Record Inc., as alleged by Plaintiff.

1

with access to his full disciplinary history. Dixon contends that the article defamed him because, in its first sentence, it erroneously stated that he had been "disbarred" as opposed to suspended. He seeks both compensatory and punitive damages.

Dismissal of Dixon's Complaint, in whole or in part, is warranted for two reasons. **First**, Dixon has not pleaded that he suffered any injury arising specifically out of the allegedly false portions of the publication he challenges. Under both the First Amendment and Florida law, to state a claim for libel, a plaintiff must plead that he suffered an actual injury specifically traceable to the allegedly false statement at issue. Dixon has not done so. **Second**, with respect specifically to his punitive damages claim, Dixon has not pleaded any facts to indicate that the Madison County Record published the allegedly false statement about him with either actual malice or common law malice, as also required under both the First Amendment and Florida law. Thus, Dixon's Complaint should be dismissed in its entirety, or, alternatively, his claim for punitive damages should be dismissed.

## **FACTUAL BACKGROUND**[2]

According to his Complaint, Dixon is an attorney, with a law firm – the Law Offices of Robert Dixon – located in Miami-Dade County, Florida. Compl. ¶ 2. The Madison County Record is an Illinois company that publishes multiple publications that cover civil litigation matters throughout the country, including one publication, the *Florida Record*, which focuses on civil litigation in Florida. *Id.* ¶ 3.

Dixon filed this libel action based on an article (the "Article") published in the *Florida Record* on December 27, 2018 entitled "Miami attorney reprimanded following failure to comply with suspension requirements." *Id.* ¶ 8; *id.* Ex. 2 (copy of Article). The Article reported on a November 1, 2018 Order from the Florida Supreme Court that found Dixon "in contempt for failure to comply with a prior court order" in accordance with the Court's deadline. *Id.* Ex. 2. The Article further explained that the prior Florida Supreme

---

[2] Well-pleaded factual allegations in the operative Complaint are accepted as true solely for purposes of this motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court may also review the Complaint's attachments and take judicial notice of public records on a motion to dismiss without converting it into a summary judgment motion. *E.g.*, *Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002) (report underlying defamation claim properly considered on motion to dismiss without converting it to summary judgment motion).

Court Order had suspended "Dixon for 90 days" based on a "consent judgment," in which Dixon admitted both to "failures to maintain his trust account and maintain and produce trust records," and to "allow[ing] or caus[ing] a client's signature and/or name to be affixed to a settlement check and deposit[ing] the check into his trust account without first having the client endorse the check . . . ." *Id.*  The Article included hyperlinks to (a) the December 27, 2018 Florida Bar announcement announcing the order finding Dixon in contempt, (b) the Florida Supreme Court's November 2018 Order finding Dixon in contempt, (c) Dixon's profile on the Florida bar website, which detailed his full disciplinary history, (d) the May 2018 Order suspending Dixon for 90 days, and (e) the Consent Judgment on which the 90-day suspension was based.  *Id.*  True and correct copies of the documents hyperlinked in the Article are attached hereto as **Exhibits A-E**.

In this lawsuit, Dixon challenges only the first sentence of the Article, which stated that he was "disbarred."  Compl. ¶ 8.  He contends that that statement is "false and defamatory" because "he was not disbarred."  *Id.*  Dixon does not dispute anything else reported in the Article, including that (a) he was suspended from the practice of law for 90 days by the Florida Supreme Court, (b) the suspension was based on his failure to maintain his trust account and maintain and produce trust records, (c) the suspension was also based on Dixon causing and/or allowing a client's settlement check to be deposited into his trust account without the client's endorsement, and (d) the Florida Supreme Court subsequently found Dixon in contempt for failing to timely comply with the conditions set forth in the original suspension Order.

Based on the one sentence in dispute, Dixon is asserting a single count for "Libel Per Se."  *Id.* ¶¶ 7-9.  In his Complaint, Dixon states only the following about the injury he allegedly suffered as a result of the Article: "the article is libel per se because it is an online publication of a false statement to the world that tends to injure Dixon's business, trade or profession."  *Id.* ¶ 9.  Dixon filed his Complaint on December 23, 2020, nearly two years after the publication of the Article, and he is asserting claims for both compensatory damages and "punitive damages."  Compl. WHEREFORE Cl.

**ARGUMENT**

I. **THE COMPLAINT SHOULD BE DISMISSED BECAUSE DIXON HAS FAILED TO ALLEGE ANY INJURY ARISING SPECIFICALLY FROM THE ARTICLE'S ALLEGEDLY FALSE STATEMENT.**

"To state a cause of action for defamation, in Florida, a plaintiff must allege (1) the defendant published a false statement (2) about the plaintiff (3) to a third party and (4) <u>the falsity of the statement caused injury to the plaintiff</u>." *Valencia v. Citbank Int'l*, 728 S. 2d 330, 330 (Fla. 3d DCA 1999) (emphasis supplied); *see also Sequeira v. Steinlauf*, 759 F. App'x 792, 797 (11th Cir. 2018) (same). In this case, Dixon has failed to adequately allege the fourth of those elements. While Dixon has valued the amount in controversy in this case at hundreds of thousands of dollars, as set forth in the Madison County Record's removal papers, Dkt. 1, the Complaint itself does not allege any specific facts linking the portion of the Article he contends is false to any actual injury. Instead, the Complaint simply asserts generally that "the article is libel per se because it is an online publication of a false statement to the world that tends to injure Dixon's business, trade or profession." Compl. ¶ 9. That is insufficient.

Nor can Dixon avoid the requirement to plead and prove specific injuries traceable to the Article's allegedly false statement by labelling his claim one for "libel per se." The Florida Supreme Court has stated unequivocally that, following the Supreme Court's decision in *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974), actual injury is a requirement in all libel actions against a media defendant, and arguments of presumed injury no longer suffice. *See Mid-Fla. Television Corp. v. Boyles*, 467 S. 2d 282, 283 (Fla. 1985) (discussing *Gertz*). For that reason, in any libel case against a media defendant, per se or otherwise, damages cannot be "presumed as a matter of law." *Id.*; *see also Blake v. Ann-Marie Giustibelli, P.A.*, 182 So. 3d 881, 884 (Fla. 4th DCA 2016) ("[A]fter *Gertz*, in libel cases involving media defendants, . . . proof of damages must always be established.").

Accordingly, "a plaintiff suing a media defendant must . . . plead and prove actual injury," even in cases in which libel per se has been alleged. *Edelstein v. WFTV, Inc.*, 798 So. 2d 797, 798 (Fla. 4th DCA 2001). This means that, to state a libel claim against the Madison County Record, Dixon was required to plead that he suffered some specific injury that arose from the portion of the Article that he alleges is false – *i.e.*, its statement that he

was disbarred by the Florida Supreme Court, as opposed to just suspended and later held in contempt. Because he failed to do so, his Complaint should be dismissed. *See id.* (affirming dismissal where plaintiff failed to plead "actual injury" in defamation lawsuit against media defendant).

## II. DIXON'S CLAIM FOR PUNITIVE DAMAGES SHOULD BE SEPARATELY DISMISSED BECAUSE HE HAS FAILED TO ALLEGE THAT THE MADISON COUNTY RECORD PUBLISHED THE ALLEGED FALSEHOOD WITH ACTUAL MALICE OR COMMON LAW MALICE.

Dixon's punitive damages claim is separately subject to dismissal because he has failed to allege that the Madison County Record published the allegedly false statement about his having been disbarred with either actual malice or common law malice.

Under the First Amendment, no libel plaintiff, whether deemed a "public figure" or a "private figure," can "recover punitive damages without demonstrating actual malice" – that is, without demonstrating either "knowledge of falsity or reckless disregard for truth." *Hunt v. Liberty Lobby*, 720 F.2d 631, 650 (11th Cir. 1983) (quoting *Gertz*, 418 U.S. at 349); *see also Carroll v. TheStreet.com, Inc.*, 2012 U.S. Dist. LEXIS 202084, at *13-14 (S.D. Fla. May 24, 2012) (same). To meet the actual malice standard, there must be "sufficient evidence to permit the conclusion that the defendant actually had a 'high degree of awareness of . . . probable falsity'" prior to publication, yet published anyway. *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 688 (1989) (quoting *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964)). In addition, under Florida law, a libel plaintiff must also prove "common law malice to sustain an award for punitive damages," which requires demonstrating "ill will, hostility, or an evil intention to defame and injure" on the part of the defendant. *Hunt*, 720 F.2d at 650 (quoting *Matthews v. Eland State Bank*, 334 So. 2d 164, 166 (Fla. 1st DCA 1976)); *see also Schiller v. Viacom, Inc.*, 2016 U.S. Dist. LEXIS 187391, at *34 (S.D. Fla. April 4, 2016) ("Under Florida law, in order to award punitive damages in a libel action, a party must show that the 'primary purpose' in making a defamatory statement was to 'injure the plaintiff' based on a defendant's 'ill will, hostility or evil intention to defame.'" (quoting Fla. Standard Jury Instruction No. 405.10(g)).

Here, Dixon has not pleaded <u>any</u> facts relating to the state of mind with which the Madison County Record published the portion of the Article he contends is false. And, he

has certainly not alleged sufficient "factual content" about the Madison County Record's state of mind to permit "the court to draw the *reasonable inference* that" it knew what it published about Dixon was false, but published it anyway out of animosity toward him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That warrants dismissal of Dixon's punitive damages claim. *See id.* (to survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)); *see also Brenner v. Prof'l Serv. Indus., Inc.*, 710 F. Supp. 1336, 1338 (M.D. Fla. 1989) (dismissing punitive damages claim in libel action for failure to plead common law malice); *Mendonca v. Fla. Power & Light Co.*, 2020 U.S. Dist. LEXIS 79465, at *11-13 (S.D. Fla. May 5, 2020) (dismissing punitive damages in non-libel case based on failure to allege "facts sufficient for a finding that Defendant plausibly acted with malice or reckless indifference").

## CONCLUSION

For the foregoing reasons, the Madison County Record respectfully requests that the Complaint be dismissed for failure to state a claim as a matter of law, or, in the alternative, that the claim for punitive damages only be dismissed for failure to state a claim as a matter of law.

Dated: March 15, 2021

Respectfully submitted,

BALLARD SPAHR LLP

*/s/ Charles D. Tobin*
Charles D. Tobin (Fla. Bar No. 816345)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com

Paul J. Safier (*pro hac vice* forthcoming)
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Email: safierp@ballardspahr.com

*Counsel for Defendant The Madison County Record, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of March, 2021, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using CM/ECF. I also certify the foregoing is being served this day on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Charles D. Tobin*
Charles D. Tobin (Fla. Bar No. 816345)